# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KIMBERLY PAGE OWENS,           )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-11-377-RAW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Kimberly Page Owens (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 24, 1967 and was 43 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant worked in the past as an administrative clerk and accounting clerk. Claimant alleges an inability to work beginning August 30, 2006 due to limitations caused by a back

injury, shoulder injury, wrist injury, depression, left elbow problems, hand numbness, headaches, leg pain, and surgical after-effects.

**Procedural History**

On March 10, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On May 5, 2010, an administrative hearing was held before ALJ William H. Helsper in Fort Worth, Texas. On May 28, 2010, the ALJ issued an unfavorable decision on Claimant's application. On August 25, 2011, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") sufficient to perform a full range of sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in accepting the vocational expert's testimony when it conflicted with the

exertional requirements specified in the *Dictionary of Occupational Titles* ("DOT").

## Discussion

In his decision, the ALJ found Claimant suffered from the severe impairments of chronic pain, median neuropathy, and gastrointestinal reflux disease. (Tr. 23). In his RFC findings, the ALJ determined Claimant could sit approximately 6 hours out of an 8 hour workday, stand and/or walk for less than 2 hours in an 8 hour workday with the intermittent opportunity to alternate between sitting and standing, lift/carry 10 pounds occasionally and with the loss of use of her dominant hand while performing job duties at the lower end of detail. (Tr. 28). After consultation with a vocational expert, the ALJ found Claimant could perform the representative sedentary, unskilled job of security system monitor which the ALJ found consistent with the DOT. (Tr. 31).

Claimant's testimony and the ALJ's findings include the limitation that Claimant cannot use her dominant left hand and arm for reaching, grasping, pushing, or pulling. (Tr. 28, 45). Presented with this limitation during hypothetical questioning, the vocational expert testified that "[v]ery few jobs at the sedentary level that allow for little or no use of one hand." (Tr. 60). He identified the single job of "security system monitor." (Tr. 60).

5

As both Claimant and Defendant acknowledge, the DOT does not contain such a job but both appear to concede that the job of Surveillance System Monitor is found in the DOT at 379.367-010. Claimant contends the ALJ failed to fulfill his duty to inquire into a reasonable explanation for the conflict between the DOT and the vocational expert's testimony. A difference in nomenclature for the job does not necessarily give rise to a conflict. Rather, the conflict must arise from the duties of the job.

The DOT explains the job of "Surveillance System Monitor" as

> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites. Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designated agency to notify authorities of location of disruptive activity. Adjusts monitor controls when required to improve reception, and notifies repair service of equipment malfunctions.
>
> 379.367-010 SURVEILLANCE-SYSTEM MONITOR DICOT 379.367-010

The publication *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO") may be relied upon in determining whether conflicts exist between the DOT and the vocational expert. Soc. Sec. R. 00-4p. The SCO provides that the activities of reaching, handling, fingering, or feeling are not present for the job of Surveillance System Monitor.

1991 WL 673244 (integrated listing with both DOT and SCO). As a result, this Court cannot find that the vocational expert's testimony is in direct conflict with the DOT and its companion publication the SCO. Without an actual conflict, the ALJ did not err and his decision is supported by substantial evidence. Hackett v. Apfel, 395 F.3d 1168, 1175-76 (10th Cir. 2005).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE